[Cite as *In re E.J.*, 2020-Ohio-4010.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|                |   |                          |
|----------------|---|--------------------------|
| IN RE:         | : |                          |
| E.J.           | : | CASE NO. CA2020-03-025   |
|                | : | O P I N I O N<br>8/10/2020 |
|                | : |                          |
|                | : |                          |
|                | : |                          |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 18-D000090

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Lauren L. Clouse, 7681 Tylers Place Boulevard, Suite 3, West Chester, Ohio 45069, for appellant

**RINGLAND, J.**

{¶1} E.J. appeals from the decision of the Butler County Common Pleas Court, Juvenile Division, which denied her request to attend the permanent custody hearing in her dependency case. For the reasons discussed below, this court affirms the juvenile court's decision.

{¶2} In August 2018, Warren County Children Services ("WCCS" or "the agency") filed a complaint alleging that E.J. was a dependent child. The complaint alleged that E.J.'s legal custodians had expressed concerns as to their ability to provide for E.J. due to E.J.'s behavioral issues. E.J.'s biological parents were not in a position to assume any form of custody. WCCS requested temporary custody.

{¶3} The court held a hearing and subsequently issued an order granting WCCS temporary custody. Later, the court adjudicated E.J. dependent and continued temporary custody with the agency.

{¶4} In an effort to help manage her behavioral issues, WCCS placed E.J. in a residential treatment program. After some progress, the agency returned E.J. to the care of her legal custodians. WCCS later terminated the placement due to the agency's concerns with the legal custodians' ability to supervise E.J. and E.J.'s failure to follow the legal custodians' rules. The agency thereafter placed E.J. in a children's home.

{¶5} In November 2019, WCCS moved for permanent custody. The court appointed E.J. an attorney to represent her in the case and at the hearing. E.J., who was then 14 years old, moved that she be allowed to attend the permanent custody hearing and further moved for an in camera interview.

{¶6} The court denied E.J.'s request to attend the hearing, concluding that it was it was not in her best interest to listen to testimony concerning the shortcomings of her biological parents. However, the court granted E.J.'s motion for an in camera interview.

{¶7} Following the permanent custody hearing and in camera interview, the court issued a decision finding that a grant of permanent custody to WCCS was in E.J.'s best interest. E.J. appeals, raising the following assignment of error.

{¶8} THE TRIAL COURT ERRED IN DENYING THE MINOR CHILD'S MOTION TO BE PRESENT AT THE PERMANENT CUSTODY TRIAL IN VIOLATION OF THE

FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION.

{¶9} E.J. argues that she was a party to the custody proceedings and as such was entitled to due process of law, which would include the right to attend the permanent custody hearing. E.J. contends that she opposed permanent custody and could have assisted her counsel during the proceedings. E.J. also argues that her age at the time of the hearing indicated that she was sufficiently mature to hear the testimony.

{¶10} The Revised Code provides that the juvenile court "may excuse the attendance of the child at the hearing in cases involving abused, neglected, or dependent children." R.C. 2151.35(A)(1). This provision is mirrored by the Ohio Rules of Juvenile Procedure, which provide that "[t]he court may excuse the attendance of the child at the hearing in neglect, dependency, or abuse cases." Juv.R. 27(A). It is therefore within the sound discretion of the juvenile court to excuse a child's attendance at a permanent custody hearing. *In re Sallee*, 12th Dist. Butler No. CA91-02-023, 1992 Ohio App. LEXIS 3760, *11. Consequently, an appellate court reviews the juvenile court's decision to excuse a child from a permanent custody hearing for an abuse of discretion, which implies that the court's decision was unconscionable, unreasonable, or arbitrary. *Salle* at *11-12; *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

{¶11} The juvenile court premised its decision on concerns that it would not be in E.J.'s best interest to listen to testimony discussing her parents' shortcomings. This reasoning reflects a valid, sensible concern for the stability of E.J.'s mental health, which concern was the underlying reason for the dependency case. Additionally, that E.J. was 14 years old at the time of the hearing could imply a greater ability to comprehend the testimony and potentially increase mental health trauma that might occur as a result of attending the hearing. *See Sallee* at *11 (concluding that a thirteen year old's presence at the permanent

custody hearing would likely be "too traumatic" and "more detrimental than beneficial"). This court does not find that the juvenile court abused its discretion in denying E.J.'s motion to attend the hearing.

{¶12} E.J. also contends that the juvenile court, in excusing her from the hearing, violated her due process rights. The basic consideration of due process is whether the individual had the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893 (1976). This court finds that the juvenile court provided E.J. with the opportunity to be heard in a meaningful time and manner consistent with due process of law. The juvenile court interviewed E.J. in camera and the decision on permanent custody reflects that the court carefully considered her wishes. The court also appointed E.J. counsel to represent her interests at the hearing. The record reflects that E.J.'s attorney cross-examined the WCCS caseworker and elicited testimony concerning E.J.'s wishes. Counsel further provided a closing argument reiterating E.J.'s position against permanent custody. Based on the foregoing, this court overrules E.J.'s assignment of error.

{¶13} Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.